# IN THE SUPREME COURT OF THE STATE OF NEVADA

WILLIE DAVID SAMPSON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 74306

**FILED**

MAY 3 1 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of first-degree kidnapping, two counts of lewdness with a child under the age of 14, attempted sexual assault of a minor under the age of 14, and sexual assault of a minor under the age of 14. Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

A jury first convicted appellant for kidnapping and sexually assaulting a twelve-year-old boy in 2003. Following several years of post-conviction petitions, the United States Court of Appeals for the Ninth Circuit ordered a new trial. After a six-day jury trial in 2017, appellant was again convicted for the same counts, and the district court sentenced him to a term of 30 years to life, an increase of ten years from his original sentence. Appellant argues that his increased sentence was the result of judicial vindictiveness in the resentencing process.[1] Additionally, he argues that the district court improperly ruled that the State could use a prior felony conviction to impeach him if he testified at trial. We disagree with both contentions and affirm the judgment of conviction.

---

[1]Public defender offices throughout Nevada and the Nevada Attorneys for Criminal Justice submitted an amicus brief in support of appellant's judicial vindictiveness claim.

19-23678

*Appellant's increased sentence was not the result of judicial vindictiveness*

Appellant claims that because he received an increased sentence upon retrial, judicial vindictiveness on the part of the district court must be presumed. His argument relies substantially on *North Carolina v. Pearce*, 395 U.S. 711 (1969), *limited by Alabama v. Smith*, 490 U.S. 794 (1989). In *Pearce*, the United States Supreme Court held that a defendant has a due process right not to be subjected to vindictive sentencing after successfully appealing a conviction. *Id.* at 725. To assure the absence of judicial vindictiveness, the Court established a presumption of vindictiveness "whenever a judge imposes a more severe sentence upon a defendant after a new trial," and the reasons for enhancement do not "affirmatively appear." *Id.* at 726. To be clear, this presumption "do[es] not apply in every case where a convicted defendant receives a higher sentence on retrial." *Texas v. McCullough*, 475 U.S. 134, 138 (1986). Rather, the Supreme Court clarified in subsequent cases that in order for the presumption to attach, there must be a "reasonable likelihood" of actual vindictiveness. *Alabama v. Smith*, 490 U.S. 794, 799 (1989) (internal quotation marks omitted).

We recently held that there is no such likelihood where a different judge imposes a more severe sentence than the first judge after a new trial. *Bowser v. State*, 135 Nev., Adv. Op. 15, ___ P.3d ___ (2019). Relying on *Pearce* and its progeny, we explained that "there is no reason to presume that the second judge had a personal stake in the outcome of the first trial or sentencing, or a motivation to retaliate for a successful appeal." *Id.*

Here, Judge Leavitt did not preside over or impose the sentence in appellant's first trial.[2] We therefore reject appellant's contention that he is entitled to a presumption of judicial vindictiveness.[3]

*Appellant did not preserve his claim of improper impeachment for appeal*

Appellant claims the district court deprived him of the constitutional right to testify in his own defense when it ruled that the State could use a prior felony conviction to impeach him if he testified at trial. The State maintains that the district court did not err in its ruling, and argues that appellant failed to preserve this issue for appeal. In order to preserve this issue for appeal, a defendant "must make an offer of proof to the trial court outlining his intended testimony, and it must be clear from the record that, but for the trial court's in limine ruling, the defendant

---

[2]We acknowledge that Judge Leavitt previously denied relief to appellant in a post-conviction proceeding related to the instant proceeding, but are not persuaded that Judge Leavitt's attenuated connection to the Ninth Circuit's reversal presents the classic concern that arises where a trial judge has been reversed. *See McCullough*, 475 U.S. at 139 ("The presumption of *Pearce* does not apply in situations where the possibility of vindictiveness is this speculative, particularly since the presumption may often operate in the absence of any proof of an improper motive . . . ." (internal quotation marks omitted)); *see also Colten v. Kentucky*, 407 U.S. 104, 116-17 (1972) (refusing to apply the presumption where "the court which conducted [defendant's] trial and imposed the final sentence was not the court with whose work [defendant] was sufficiently dissatisfied to seek a different result on appeal; and it is not the court that is asked to do over what it thought it had already done correctly").

[3]We note that, in general, such a conclusion does not foreclose the possibility of a successful claim for judicial vindictiveness. *See McCullough*, 475 U.S. at 138 ("Where the [presumption] of *Pearce* does not apply, the defendant may still obtain relief if he can show actual vindictiveness upon resentencing."). However, here, appellant relied solely on the presumption and failed to demonstrate *actual* vindictiveness.

would have testified." *Warren v. State*, 121 Nev. 886, 894-95, 124 P.3d 522, 528 (2005). Appellant here did not make an offer of proof before the district court outlining his anticipated testimony. Furthermore, appellant failed to make a clear record that he would have testified but for the district court's ruling. As such, we decline to review on appeal this unpreserved error. *See Valdez v. State*, 124 Nev. 1172, 1190, 196 P.3d 465, 477 (2008) (recognizing this court's review of unpreserved error as discretionary).

Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Cadish

cc: Hon. Michelle Leavitt, District Judge
Mace J. Yampolsky, Ltd.
Attorney General/Carson City
Clark County District Attorney
Federal Public Defender/Las Vegas
Eighth District Court Clerk